UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

SEDRICK DARION MITCHELL, )
)
    *Plaintiff*, )
) No.: 4:15-cv-35-HSM-SKL
v. )
)
MIKE RANDLES, )
in his individual and official capacities, )
)
    *Defendant*. )

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this action has been filed without the prepayment of costs or fees or security therefor. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

Plaintiff alleges that despite every good faith pre-incarceration effort to reach an amicable resolution of his conflict with defendant District Attorney Mike Randles, he is now confined in the Bedford County jail. More specifically, defendant Randles rebuffed plaintiff's attempt to file a complaint against the District Attorney's office, the 17th District Judicial Drug Task Force, its operatives, and its agents and moreover advised plaintiff that his First Amendment rights did not extend into that realm. Plaintiff characterizes the advice itself as misinformation, untrue, and damaging to the public trust and the public weal, and defendant's very act of conveying the advice as an abuse of authority, a breach of duty, and public corruption. For this alleged infringement on his rights, plaintiff seek eight hundred, fifty thousand dollars ($850,000) in damages, should a jury so find.

Yet, it is well-settled that prosecutors, acting within the scope of their duties in initiating and pursuing a criminal prosecution and presenting the state's case, enjoy absolute immunity from a civil suit for damages. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). There is nothing to indicate that Attorney General Mike Randles was

2

doing anything except performing the duties of his office in prosecuting plaintiff for a state criminal offense or that the criminal prosecution of plaintiff had to be submitted initially through a dispute resolution process and, thus, defendant enjoys prosecutorial immunity from damages sought in this lawsuit. *See Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003) (citing *Mowbray v. Cameron Co., Tex.*, 274 F.3d 269, 276 (5th Cir. 2001)). And even if defendant Randles misadvised plaintiff as to his First Amendment right to settle the criminal matter amicable prior to an incarceration, it does not affect the District Attorney's prosecutorial immunity.

Therefore, the claims against Mike Randles fail, based on his absolute immunity from this action for damages. Hence, this action is **DISMISSED** *sua sponte*.

In addition to the above, this Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** plaintiff leave to proceed *in forma pauperis* on appeal. *See* Fed. R.App. P. 24(a)(3).

Because plaintiff is an inmate in Bedford County jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of plaintiff's inmate trust account at the institution where he now resides is directed to submit to <u>the Clerk, U.S. District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37401</u>, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or

    (b)    twenty percent (20%) of the average monthly balance in plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

3

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Bedford County, Tennessee, to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

**ENTER:**

          */s/ Harry S. Mattice, Jr.*
          HARRY S. MATTICE, JR.
          UNITED STATES DISTRICT JUDGE